UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DANIEL CLAY WILKERSON                    CIVIL ACTION

VERSUS                                   NO: 11-676

LOUPE CONSTRUCTION AND                   SECTION: R(1)
CONSULTING CO., INC.

## ORDER AND REASONS

Before the Court is plaintiff Daniel Wilkerson's motion for an expedited trial.[1] Wilkerson alleges that, on or about July 23, 2010, he was "employed by defendant [and] assigned to the M/V SEA SLAVE in the capacity of captain" when the vessel capsized and "caused [him] to be tossed around and to fall."[2] Wilkerson claims injuries to his "back, neck, spine, and mind"[3] and seeks judgment against defendant Loupe Construction and Consulting Company that he is entitled to maintenance and cure, including attorneys' fees and compensatory and punitive damages arising out of the denial of maintenance and cure.[4] Wilkerson represents that his primary care physician, Dr. Robert L. White, has

---

[1]    (R. Doc. 12.)

[2]    (R. Doc. 1 at 2.)

[3]    (*Id.*)

[4]    (*Id.* at 2-3.)

recommended an anterior cervical discectomy and fusion.[5] He submits medical records from the Coastal Neurological Institute indicating that he has been diagnosed with cervical stenosis and herniated nucleus pulposus of the cervical spine with myelopathy.[6] Wilkerson states that, because he is destitute and is not currently being paid maintenance and cure, his "condition [has] endured longer than necessary."[7] Wilkerson maintains that an expedited trial is appropriate because only limited discovery would be required to establish that he is entitled to maintenance and cure from Loupe, and because he cannot afford the surgery that his physician has recommended.[8]

For its part, Loupe maintains that the M/V SEA SLAVE was chartered by Loupe from a third party, who provided the vessel's crew.[9] Loupe asserts that, accordingly, the vessel's owner, and not Loupe, should be the party responsible for any maintenance and cure payments.[10] Loupe argues that "[s]ufficient time must be allowed before trial for the vessel owner to be added as a party and to make an appearance in this matter, and for discovery

---

[5]   (R. Doc. 12-3 at 2.)

[6]   (*Id.* at 4.)

[7]   (*Id.* at 3.)

[8]   (*Id.* at 2-3.)

[9]   (R. Doc. 14 at 2.)

[10]   (*Id.*)

to be conducted to clarify the Plaintiff's employment status at the time of the alleged incident."[11]  Further, Loupe asserts that an expedited trial is inappropriate because it has only been provided with limited medical records, and because "time must be allowed for medical discovery, including an independent medical examination, to determine if the Plaintiff has suffered any injury, the extent of the alleged injury, whether the recommended treatment is necessary, and whether the alleged injuries were suffered in the service of a vessel."[12]

The Fifth Circuit has recognized that a seaman may seek expedited trial on a claim for maintenance and cure.  *See Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981); *see also Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (noting that the trial court's discretion in making scheduling decisions is "exceedingly wide").  Wilkerson's bench trial is not currently scheduled to take place until April 23, 2012, nine months from now.  Wilkerson does not assert any claims against Loupe other than maintenance and cure, and the discovery issues identified by Loupe are not complex.  *Compare Grundstrom v. 4-J's Enterprise, Inc.*, 2004 WL 551207, at *1-2 (E.D. La. 2004) (denying plaintiff's motion to sever his maintenance and cure claim from his negligence claim because, if severed, the same experts would

---

[11]    (*Id.* at 2.)

[12]    (*Id.*)

3

be required to testify at both trials and because the need for additional discovery would delay the date on which the court could schedule the expedited trial). Moreover, Wilkerson's medical records reflect that Wilkerson could suffer permanent and disabling injury to his spinal cord without surgery.[13] *Cf. Rodriguez v. Larry Griffen Towing Co., Inc.*, 2007 WL 433482, at *1-2 (E.D. La. 2007) (granting plaintiff's motion to sever and expedite trial on his maintenance and cure claim because, *inter alia*, plaintiff represented that his doctor had recommended shoulder surgery). Under these circumstances, the Court finds that expedited trial in this matter is warranted.

For the foregoing reasons, Wilkerson's motion for an expedited trial is GRANTED. Accordingly, IT IS ORDERED that the trial of this matter is RESET to commence the week beginning Monday, September 26, 2011, at 8:30 a.m. A Final Pretrial Conference will be held on September 15, 2011, at 2:30 p.m. All discovery shall be completed no later than September 6, 2011.

New Orleans, Louisiana, this 24th day of June, 2011.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] (R. Doc. 12-3 at 5-6.)